**Judith A. HALFORD, et al., Plaintiffs,**

v.

**Irene IBARRA, et al., Defendants.**

**No. 90–C–2099.**

United States District Court,
D. Colorado.

July 3, 1991.

Mary Catherine Rabbitt, Bernard Poskus, R. Kirk Mueller, Denver, Colo., for plaintiffs.

William Crichton, Chalk Mitchell, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiffs commenced this action against Irene Ibarra, Executive Director of the Colorado Department of Social Services (CDSS), seeking declaratory and injunctive relief under 42 U.S.C. § 1983. Alleging that they are similar to the plaintiffs in *Miller v. Ibarra*, 746 F.Supp. 19 (D.Colo. 1990), the instant plaintiffs challenge the defendant's denial or termination of their Medicaid benefits. On February 28, 1991, CDSS filed a third-party complaint against

Geraldine Trocheck, acting Regional Administrator of the Health Care Financing Administration (HCFA) of the Department of Health and Human Services. CDSS seeks an order declaring that, if CDSS must provide benefits to the plaintiffs, HCFA must provide "federal financial participation" for those Medicaid payments made to recipients as allegedly required by federal regulations.

Currently pending are: (1) the third-party defendant's motion to dismiss the third-party complaint pursuant to Fed.R.Civ.P. 12(b)(6); and (2) CDSS's motion for a preliminary injunction pursuant to Fed.R. Civ.P. 65 as against the third-party defendant. CDSS has responded by opposing the motion to dismiss. The third-party defendant has not responded to the motion for a preliminary injunction.

The parties have fully briefed the issues and oral argument would not materially assist decision. Jurisdiction exists under 28 U.S.C. § 1346.

### I. Third–Party Defendant's Motion to Dismiss.

In its motion to dismiss, the third-party defendant argues: (1) that the third-party complaint is not "ripe" for adjudication and therefore does not satisfy the case or controversy requirement of the United States Constitution, Article III; and (2) that joinder under Rule 14(a) was improper. The third-party defendant asserts that it has not denied federal financial participation to CDSS and that no final administrative decision regarding FFP for these or similarly-situated plaintiffs yet has been made.

Article III of the United States Constitution authorizes federal courts to adjudicate only actual cases or controversies. U.S. Const. art. III, § 2. The Declaratory Judgment Act, 28 U.S.C. § 2201, permits federal courts to declare the rights of parties only in cases involving an "actual controversy." For purposes of that act, the test for an "actual controversy" is:

"whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, *of suffi-*

*cient immediacy and reality* to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 [61 S.Ct. 510, 512, 85 L.Ed. 826] (1941) (emphasis added).

With respect to whether a controversy is "ripe" for judicial decision, the United States Supreme Court has stated that:

"injunctive and declaratory judgment remedies are discretionary, and courts traditionally have been reluctant to apply them to administrative determinations unless these arise in the context of a controversy 'ripe' for judicial resolution. . . . [the] basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148–49 [87 S.Ct. 1507, 1515, 18 L.Ed.2d 681] (1967).

In *Abbott Laboratories,* the United States Supreme Court articulated a two-part test for determining a case or controversy's "ripeness": (1) the reviewing court must evaluate the fitness of the issues for judicial decision; and (2) the court must weigh the hardship to the parties of withholding court consideration. *Id.* at 149, 87 S.Ct. at 1515–16; *see also Ciba–Geigy Corp. v. U.S.E.P.A.,* 801 F.2d 430, 434 (D.C.Cir.1986).

The procedure for determining a state's eligibility for financial reimbursement by the federal government for Medicaid expenditures is complex. After a state's plan for administering its Medicaid program is approved at the federal level, that state becomes entitled to federal financial participation for the cost of providing specific kinds of medical assistance to Medicaid-eligible individuals. 42 U.S.C. § 1396b(a)(1). The Secretary of the Department of Health and Human Services must reimburse each state with an approved Medicaid plan a share of its costs in providing Medicaid

services, as determined by an annually adjusted variable matching formula. 42 U.S.C. § 1396b(d); 45 C.F.R. § 201.5. The Secretary, through HCFA, advances funds to a state each quarter, based on an estimation of the state's costs to administer the Medicaid program. 42 U.S.C. § 1396b(d)(2). Within 30 days, the state must submit to HCFA a report of its actual expenditures to be reviewed by HCFA for quality control and any erroneous payments made on behalf of ineligible individuals. 45 C.F.R. § 201.5.

The Secretary may use two procedures for withholding the federal government's financial contribution: (1) monies can be withheld when a state's administration of its Medicaid plan does not "substantially comply" with federal requirements; and (2) the Secretary may "disallow" reimbursement for any item or class of items he or she believes do not justify federal participation. *Bowen v. Massachusetts*, 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988). Both procedures provide for review by the Health and Human Services' Departmental Grant Appeals Board. 45 C.F.R. § 16. Judicial review is available after a final administrative decision. *Bowen*, 487 U.S. at 911, 108 S.Ct. at 2741; 42 U.S.C. § 1316.

The record before me is devoid of any evidence that HCFA has acted administratively to deny CDSS federal reimbursement funds for the plaintiffs in either the instant action or the *Miller* case. Indeed, CDSS does not state or allege that the third-party defendant has made *any* final decision regarding federal reimbursement for those individuals. There is simply no evidence to support CDSS's contention that HCFA will not provide federal financial participation to CDSS should the plaintiffs prevail in the instant action. Rather, HCFA's uncontradicted assertion is that no final administrative decision regarding federal financial

participation for the instant plaintiffs has been made.

Under the applicable regulations, HCFA is not required to determine federal financial participation eligibility until this court orders CDSS to provide benefits. *See* 42 C.F.R. § 431.250. Until HCFA makes that decision, or indicates a final decision not to provide federal reimbursement funds is shortly forthcoming, the alleged controversy is not sufficiently definite or concrete to justify the declaratory relief CDSS seeks.

Further, it is clear that CDSS is not presently suffering any financial or other hardship because HCFA has thus far *allowed* federal financial participation for CDSS's expenditures for the *Miller* plaintiffs. (Third–Party Defendant's Brief, p. 14.) Thus CDSS's stated belief that HCFA will not provide federal reimbursement in the event that the instant plaintiffs prevail is conjectural, fails to establish a hardship and has no apparent basis in fact.

I conclude as a matter of law that the prospect that HCFA may, in the future, decide to withhold federal financial participation is not of sufficient immediacy and probability to warrant a declaratory judgment. There has been no financial loss by the State and no denial of financial reimbursement by HCFA for payments made for Medicaid eligible parties pursuant to my holding in *Miller*. The United States Constitution prohibits this court from interfering in the reasonable administrative procedures established to determine federal financial participation eligibility prior to a final administrative decision whether to provide it.[1] For the above reasons, I conclude that the third-party complaint is not ripe for judicial decision. Accordingly, I need not address the third-party defendant's argument that joinder under Rule 14(a) is improper. In the future, CDSS

---

1. *Illinois by Illinois Dept. of Public Aid v. United States Dept. of Health and Human Services,* 772 F.2d 329 (7th Cir.1985), cited by the defendant, supports neither the defendant's response to the motion to dismiss nor its motion for preliminary injunction. There the issue was whether the federal government could refuse to provide federal financial participation for the state's ex-

penditures for abortions. As distinguished from the instant case, the federal agency there had already made a final decision that these expenditures would not qualify for federal financial participation. Because the Departmental Appeals Board had affirmed that decision, the issue there presented was ripe for judicial review.

may refile its third-party complaint if refiling is justified by law and the facts.

### II. CDSS's Motion for Preliminary Injunction.

CDSS has moved for a preliminary injunction declaring that HCFA must pay federal benefits to any person CDSS determines is eligible for them under this court's holding in *Miller*. That motion seeks relief, on a preliminary basis, identical to that sought in its third-party complaint. Because I have determined that that matter is not ripe for decision and have dismissed the third-party complaint and action as against HCFA, CDSS's motion for a preliminary injunction is denied as moot.

Accordingly, IT IS ORDERED that:

(1) the third-party defendant's motion to dismiss the third-party complaint is granted;

(2) the plaintiff's third-party complaint and action are dismissed without prejudice to refiling in the future as justified by law and the facts;

(3) the plaintiff's motion for a preliminary injunction is denied as moot.

